LEMMON, Judge
(concurring).
The first note, dated October 31, 1972, was not usurious on its face (at least not under Supreme Court decisions relating to the discounting of capitalized interest). The note provided for interest only after maturity, and then at a non-usurious rate.
Mathematical analysis of the note, however, in the light of the fact that the sum of $35,000.00 was disbursed, leads to the conclusion that $700.00 per month was charged for the use of the money for the first six months, at which point in time one-half of the amount borrowed became due (in addition to the $700.00 monthly payment), and that $350.00 per month was charged thereafter for the use of the money for the last six months, at which point in time the other half of the amount borrowed became due. Defendant’s records support that analysis, as does the disclosure statement given to plaintiff.
Had the note been paid in accordance with these terms, plaintiff would have no cause of action based on usury. However, payments were made and accepted in the amount of $700.00 * per month for 11 months. Thus, at maturity on October 31, 1972 the note balance should have been $33,600.00 [$41,300.00-$7,700.00 ($700.00 Xll)].
Plaintiff’s entire case (as to the first note) is based on the assertion that the principal balance at that time was $35,000.00. If plaintiff had proved this assertion, then the $700.00 monthly payments were interest at a usurious rate and forfeitable. In my opinion, however, plaintiff failed to sustain her burden of proof on this point.
Plaintiff attempted to prove this point by using (1) her own testimony as to oral agreement; (2) testimony of the notary who passed a later act of mortgage; and (3) defendant’s records.
As to the subsequent oral agreement, I agree that parol evidence was admissible. However, plaintiff’s testimony (submitted under an offer of proof) did not prove a verbal contract for usury. Her testimony in substance was that she was told at the inception of the loan that she could pay off the note in full at any time for $35,000.00 or that she could pay $17,600.00 at the end of six months. She further testified that when she encountered difficulty (at about four or five months), she was told she could “go ahead and pay the interest payments of Seven Hundred Dollars each month”, rather than the amounts stipulated in the note, and that the note could be paid off for $35,000.00 at any time. Defendant’s officer denied plaintiff’s statements in this regard. Furthermore, even if plaintiff’s testimony were accepted, a payoff figure of $35,000.00 would have amounted to usury only after the loan balance went below that figure—that is, after nine months of $700.00 payments, at which time the loan balance was exactly $35,000.-00.
The evidence does not show that defendant contracted for or attempted to collect $35,000,00 after the loan balance went below that amount. Defendant’s ledger card shows the balance was $34,300.00 after the tenth payment and $33,600.00 after the eleventh.
Moreover, the record contains no evidence that when the loan was renewed at maturity, the new loan was based on the $35,000.00 figure rather than $33,600.00. Significantly, no disclosure statement was introduced relative to this transaction. And since the second note in the face amount of $43,400.00 could have been con-fected under the jurisprudence on any amount of loan proceeds, this vital element of proof is lacking.
Secondly, plaintiff tried to supply this proof with the testimony of the notary who passed the mortgage to pay off the second loan. While the notary testified he *122 had the impression from conversations with defendant’s officer that the principal balance on the second loan was $35,000.00, he could only state with certainty that he was told the pay-off figure of $35,700.00 included all principal and interest due.
Finally, defendant’s accounting records cannot reasonably be construed to supply the needed proof. These were merely bookkeeping entries, kept for tax purposes, and do not prove defendant failed to play the game of observing all formalities required to validate a contract for interest in excess of the maximum rate.